**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4683-18

KATHY MCBRIDE, PRESIDENT,
TRENTON CITY COUNCIL,
MARGE CALDWELL-WILSON,
VICE PRESIDENT, TRENTON
CITY COUNCIL, ROBIN M.
VAUGHN, SANTIAGO
RODRIGUEZ and GEORGE
MUSCHAL, MEMBERS,
TRENTON CITY COUNCIL,

      Plaintiffs-Appellants,

v.

LT. GOVERNOR SHEILA Y.
OLIVER, COMMISSIONER,
NEW JERSEY DEPARTMENT
OF COMMUNITY AFFAIRS,
DIVISION OF LOCAL
GOVERNMENT SERVICES,
REED GUSCIORA, MAYOR,
CITY OF TRENTON,

      Defendants,

and

MELANIE R. WALTER,
DIRECTOR, NEW JERSEY
DEPARTMENT OF

COMMUNITY AFFAIRS,
DIVISION OF LOCAL
GOVERNMENT SERVICES,

      Defendant-Respondent.

Submitted October 15, 2020 - Decided June 15, 2021

Before Judges Ostrer, Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0919-19.

Grace, Marmero & Associates, LLP, attorneys for appellants (Albert K. Marmero, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Steven M. Gleeson and Dominic Giova, Deputy Attorneys General, on the brief).

PER CURIAM

Plaintiffs Trenton City Council President Kathy McBride, Vice President Marge Caldwell-Wilson, and Council Members Robin M. Vaughn, Santiago Rodriguez and George Muschal,[1] appeal from a June 7, 2019 order entered by Judge Jacobson transferring to this court their complaint to permanently enjoin defendants Lieutenant Governor Sheila Y. Oliver, Commissioner, New Jersey

---

[1] Council Members Santiago Rodriguez and George Muschal joined the suit after the filing of the complaint.

A-4683-18

Department of Community Affairs; Melanie R. Walter, Director, New Jersey Department of Community Affairs, Division of Local Government Services; and Trenton Mayor Reed Gusciora from taking any action to implement any budget or tax rate inconsistent with the budget approved by City Council on March 28, 2019, and dismissing the claims against the Lieutenant Governor and the Mayor with prejudice. Because the City Council's subsequent adoption of a Fiscal Year 2019 budget inconsistent with the one it approved on March 28 has made the relief requested by plaintiffs impossible, leaving aside their failure to avail themselves of the administrative remedies provided them by the Legislature under N.J.S.A. 52:27BB-15, we dismiss the matter as moot.

Although the dispute has a tortured history, the essential facts, for our purposes, are easily summarized. Under the State's Local Budget law, N.J.S.A. 40A:4-1 to -89, every municipality must adopt an annual budget on a cash basis, N.J.S.A. 40A:4-3, which must have been previously approved by the Director of the Division of Local Government Services, N.J.S.A. 40A:4-10. See City of Atlantic City v. Cynwyd Invs., 148 N.J. 55, 65 (1997) (explaining the requirement "insures that, absent unforeseen emergencies, local governments will pay for the expenses they incur with cash actually collected or received during the fiscal year"). For those municipalities, such as Trenton, that are

dependent on discretionary state aid under the Transitional Aid to Localities program, N.J.S.A. 52:27D-118.42a, the Director "exercises broad oversight of the municipality's operations, focusing on, but not limited to, its fiscal management." Redd v. Bowman, 223 N.J. 87, 113 (2015) (noting "[t]he Senate Budget and Appropriations Committee declared that '[a]pplying for aid under this program is a declaration that the municipality is not capable of managing its finances without special State assistance and intervention'" (quoting S. Budget & Appropriations Comm. Statement to S. 3118 (Dec. 8, 2011))).

Trenton has been a recipient of discretionary aid through the Transitional Aid to Localities program since the program's inception in 2011, and thus is well acquainted with the program's requirements. One of those requirements is that it enter annually into a Memorandum of Understanding with the Division subjecting the City to specific terms and conditions of Division oversight and control of its finances. See N.J.S.A. 52:27D-118.42a(a).[2]

---

[2] The statute provides in pertinent part:

> a. The Director of the Division of Local Government Services in the Department of Community Affairs shall determine conditions, requirements, orders, and oversight for the receipt of any amount of grants, loans, or any combination thereof, provided to any municipality through the Transitional Aid to Localities

A-4683-18

Trenton operates under a Mayor and Council form of government under the Faulkner Act.  See N.J.S.A. 40:69A-32.  In October 2018, Mayor Gusciora submitted his proposed budget for Fiscal Year 2019 to the City Council.  That budget included a 0.114 tax rate levy increase, that is 11.4 cents per $100 of assessed value, a total tax rate increase of approximately three percent.  The City Council accepted the budget but did not take action on it.

On March 21, 2019, following receipt of the City's final Transitional Aid award letter, the Mayor submitted the draft budget to the Division, which the Director approved as amended.  The City Council failed to adopt the approved budget.  Instead, the City Council made amendments to the Director's approved budget, including cutting several line-item expenses, such as reserves for uncollected taxes and municipal liability, and reducing the tax levy increase to

program or any successor discretionary aid programs for municipalities in fiscal distress. Conditions, requirements, or orders deemed necessary by the director may include, but not be limited to, the implementation of government, administrative, and operational efficiency and oversight measures necessary for the fiscal recovery of the municipality, including but not limited to requiring approval by the director of personnel actions, professional services and related contracts, payment in lieu of tax agreements, acceptance of grants from State, federal or other organizations, and the creation of new or expanded public services.

A-4683-18

0.05, which it resolved on March 28 to file with the Division "for certification of the municipal [b]udget so amended." According to the Director, the City Council's proposed six cent reduction in the tax rate would result in in a $1.5 million reduction in the municipal purposes tax levy compared to FY2018 and would exacerbate a future deficit projected at over $10 million and a projected structural gap of approximately $23 million.

The Director wrote to the Mayor and the City Council President in early April cataloging the City's several financial violations of the Transitional Aid MOU, including budget amendments that "reflect[] unsupported increases in spending, declining reserves and fund balance, [and] under-budgeting of essential line items," while decreasing the municipal levy, "resulting in an expanding structural and operational deficit." Based on the City's "ongoing failure to meet its Transitional Aid Program obligations," the Director advised Trenton's Transitional Aid award would be reduced by over a quarter of a million dollars. The Director instructed the City to make appropriate budget amendments recognizing the reduction in aid and "adopt a budget reflecting same" by April 11. The Director advised, however, that if the City immediately came into compliance with its Transitional Aid obligations, the Division could restore the City's full award by the June 30 close of the FY2019 budget year.

6

Plaintiff McBride responded on behalf of the City Council, advising it would not meet the Director's "arbitrary" deadline to adopt a budget.

On April 24, the Director wrote to the Mayor and City Council explaining, again, that the deadline had been based on the need for Trenton to authorize the issuance of fourth quarter tax bills, which would allow it to conduct an accelerated tax sale prior to the close of the fiscal year on June 30. But having since been notified by the County Board of Taxation that the City had not adopted a budget as directed, the Director advised she would exercise her authority under the Local Budget law, N.J.S.A. 40A:4-17(b), to herself establish the amount to be raised by taxation.

The Director accordingly advised the City that Trenton's municipal purposes tax levy for the Fiscal Year 2019 would be $80,845,541.17, reflecting the 0.114 tax rate levy increase, and that the City had forty-five days, to June 8, 2019, to finally adopt its Division of Local Government Services' approved 2019 budget in accordance with N.J.S.A. 40A:4-17(b).[3] The Director further advised

---

[3] The Director asserts that the City issued fourth quarter tax bills based on the 0.114 tax rate levy increase notwithstanding its failure to have "struck a levy, thereby billing residents without any authority" under N.J.S.A. 40A:4-12.1. She maintains that by establishing the levy for FY2019 in the sum of $80,845,541.17, she "effectively ratified the tax bills in the absence of an adopted budget and allowed the City more time to resolve its budget challenges."

7

"the members of the governing body" they would each be assessed a personal penalty of $25 a day retroactive to April 11, "for each day after June 8, 2019, that they failed or refused to adopt a compliant City budget" for FY2019. Finally, the Director advised that "any appeal of this determination must be made to the Local Finance Board, in accordance with the requirements of N.J.S.A. 52:27BB-15."

Plaintiffs did not appeal the Director's decision to establish the City's municipal tax levy to the Local Finance Board in accordance with N.J.S.A. 52:27BB-15. Instead, on April 29 they filed a pro se complaint in the Law Division to enjoin defendants from imposing the 0.114 tax rate levy increase.

On June 6, the same day Judge Jacobson heard argument on the parties' dueling applications, and announced from the bench that she would be transferring plaintiff's complaint to this court, the City Council unanimously, in the absence of plaintiff McBride, voted to approve a FY2019 budget with a 0.114 tax rate levy increase. On June 25, the Director, noting the budget approved by the City Council had not been reviewed and approved by the Division in advance of its adoption as required by N.J.S.A. 40A:4-10, but nevertheless "mindful of the close of FY2019 in five days" and desiring "to effectuate a statutorily compliant close to the City's budget year without further

8

delay," certified the budget conditioned on certain mandatory corrections specified in the approval, which amendments were subsequently adopted by the City.

Plaintiffs appeal, contending the Director failed to act on the budget submitted by the City Council pursuant to its resolution of March 28 reducing the mayor's proposed tax rate levy increase of 0.114 to 0.05, but failing to address the City Council's subsequent adoption of the budget approved by the Director premised on the 0.114 increase.

While we agree with Judge Jacobson that the matter was properly transferred to this court, the City Council's adoption of the FY2019 budget approved by the Director on June 25, 2019, makes it impossible for this court to provide plaintiffs the relief they sought in their complaint, namely that defendants be permanently enjoined "[f]rom unilaterally transmitting to the County Board and imposing a USD 0.114 cents increase in taxes upon the City of Trenton's citizenry." The seven-member City Council, including four of the five plaintiffs, voted unanimously in plaintiff McBride's absence to approve a budget with that increase. That circumstance, coupled with Fiscal Year 2019 having ended on June 30, 2019, meaning all taxes have been levied and all funds expended in accordance with the Division approved budget adopted by City

Council in the waning days of the fiscal year, makes this matter moot. See Redd, 223 N.J. at 104 (explaining "[a]n issue is 'moot when our decision . . . can have no practical effect on the existing controversy'" (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011))). "[C]ourts of this state do not resolve issues that have become moot due to the passage of time or intervening events." City of Camden v. Whitman, 325 N.J. Super. 236, 243 (App. Div. 1999).

We do not perceive the issue presented to be of any substantial importance likely to reoccur, see Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996), but in the event it does, recourse is properly made to the Local Finance Board in accordance with N.J.S.A. 52:27BB-15.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4683-18